692

## Faulkner et al. v. Jones

Brewster Wickersham, James W. Schull and S. E. Troutman, for petitioners.

Luke Baker and Charles Alvin Jones, contra.

BARNETT, P. J., November 18, 1935.—The Harrisburg Trust Company, use-plaintiff, petitioned for a rule to show cause why it should not have leave of court to enter judgment against the defendant, John Howard Jones, by virtue of the warrant of attorney contained in a bond executed more than 20 years ago. To the rule thereon granted the defendant has filed an answer, to which the use-plaintiff has replied by an "answer to new matter".

In these pleadings certain undisputed facts appear. On April 8, 1912, the defendant executed and delivered to the legal plaintiffs, Sarah Heister (now Sarah Heister Faulkner), Nancy Heister Dutton and Augustus Otto Heister, a mortgage bond in the penal sum of $10,000, conditioned for the payment of the sum of $5,000, with warrant of attorney to enter judgment thereon. At the same time he executed and delivered to the same parties a mortgage, as collateral for the bond, which mortgage was duly recorded and became and still is a first lien

upon a tract of land in Miller Township. Upon this debt $1,000 has been paid, leaving now due a balance of $4,000, with interest thereon from April 15, 1932. On September 27, 1915, the legal plaintiffs assigned the bond and mortgage to the use-plaintiff, and, under the same date, the defendant executed and delivered to the use-plaintiff a writing in which he declared he had "no charge, claim, demand, plea, or set-off" against the bond and mortgage "in any way or manner whatsoever."

Under the rules of this court, where judgment is sought to be entered on a warrant of attorney contained in a bond more than 20 years old, the presumption of payment having already attached, a rule is granted on the obligor to show cause why judgment should not be entered.

In this case, the defendant, in his answer, in substance avers that the bond and warrant were never to be considered as his personal obligation. He further states that he acted merely as a trustee for Samuel A. Sharon, a third party, for whose sole benefit he held title to the mortgaged premises and to whom were paid the moneys obtained by reason of the said mortgage, all of these facts being known to the use-plaintiff. He also alleges that on February 16, 1924, the use-plaintiff loaned $15,000 to Sharon. This loan included the deeding of these premises to Sharon at the instance and request of the use-plaintiff, and the execution of a judgment note by Sharon in favor of the use-plaintiff, which note was immediately recorded. The defendant avers that all of the parties to this transaction intended it to effect a novation and further sets forth the fact that the use-plaintiff made its demands for interest payments on Sharon, while he at no time was called upon to make such payments.

The use-plaintiff replies that the execution of a declaration of no set-off by the defendant in 1915 estops him from setting up the defense that the bond was not a personal obligation. The use-plaintiff also denies many

other of the allegations of the defendant, particularly those in connection with the aforementioned $15,000 loan.

It thus appears that the defendant in his answer has set forth such matters of fact, even though denied by the use-plaintiff, as, if true, would constitute a good and valid defense, which is all that is required of him.

The refusal of this court to make absolute the rule is the same, in effect, as if a court allowed a rule to open judgment to let a defendant into a defense, in which event the issue would necessarily be tried before a jury.

The court furthermore being of the opinion that there are sufficient facts in dispute which should properly be passed upon by a jury, it would avail the use-plaintiff nothing to have the rule made absolute since the defendant would petition for the opening of the judgment, which petition the court would allow. The use-plaintiff's rights are in no way affected by refusing to order the judgment entered. It may proceed on the bond and the defendant can set forth in his affidavit of defense the allegations contained in his answer. The issues of fact, thus raised, may then properly be passed upon by a jury.

This procedure finds precedent in Keller v. Trout, 17 Dist. R. 326, and Lee, Executrix, v. Hopper et al., 66 Pitts. 229.

The rule is, therefore, hereby discharged, costs to be paid by the use-plaintiff.

An exception is allowed to the use-plaintiff.